JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-06418-JHN-FFMx | Date | September 12, 2011 |
|---|---|---|---|
| Title | Refugio Ortiz Jr v. Ronny W Ekhorn et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** **ORDER REMANDING CASE TO THE LOS ANGELES COUNTY SUPERIOR COURT (IN CHAMBERS)**

This action was originally filed in the state court. Thereafter, Defendant Transport N Services, Inc. ("Transport N Services") removed the case to this Court. Having considered the Notice of Removal, the Court **REMANDS** the case for lack of subject matter jurisdiction.

Plaintiff Refugio Ortiz, Jr. ("Plaintiff") brought a complaint seeking damages arising out of a personal injury. Plaintiff alleged that Defendants Ronny W. Ekhorn and Transport N Services were negligent in their operation of a vehicle that caused the injury. Transport N Services removed this action on the basis of diversity of jurisdiction.

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" 28 U.S.C. § 1441(a). The Court may remand a case to state court for lack of subject matter jurisdiction or defects in removal procedure. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). Federal courts "strictly construe a removal statute against removal jurisdiction." *Oregon Bureau of Labor & Indus. ex rel. Richardson v. U.S. W. Commc'ns Inc.*, 288 F.3d 414, 417 (9th Cir. 2002).

Under 28 U.S.C. § 1332(a), the Court has original jurisdiction of all civil actions where there is complete diversity and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Where the amount in controversy is in doubt,

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-06418-JHN-FFMx | Date | September 12, 2011 |
|---|---|---|---|
| Title | Refugio Ortiz Jr v. Ronny W Ekhorn et al | | |

there is a sharp distinction between diversity cases appearing in federal court under original jurisdiction and those under removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). For cases brought in federal court, dismissal is justified if it appears "to a legal certainty that the claim is really for less than the jurisdictional amount[.]" *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). However, when a case is removed from state court to federal court "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end." *Id.* at 290. If the amount of damages sought by the plaintiff is unclear, "then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 566-67.

Transport N Services bears the burden of proving the facts necessary to establish diversity jurisdiction. Although the Complaint asserts that this is an unlimited civil case exceeding $25,000.00 (Compl. 1), there were no additional facts alleged that will support the conclusion that the amount in controversy exceeds $75,000.00. Instead, Transport N Services alleges without factual support that the amount in controversy exceeds $75,000.00. A "bald recitation" by the defendant that the amount in controversy requirement is satisfied without "identifying any specific factual allegations or provisions in the complaint which might support that proposition, should provoke *sua sponte* remand." *See Gaus*, 980 F.2d at 567.

Because Transport N Services failed to show that the requisite jurisdictional amount was met, the Court **REMANDS** the matter to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**

| | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |